United States Court of Appeals
Fifth Circuit

**F I L E D**

September 24, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 04-60072
Summary Calendar

**UNITED STATES OF AMERICA,**

Plaintiff-Appellee,

versus

**CLIFTON ANDERSON, JR.,**

Defendant-Appellant.

**Appeal from the United States District Court
for the Northern District of Mississippi
(2:96-CR-85-ALL-B)**

Before JONES, BARKSDALE, and PRADO Circuit Judges.

PER CURIAM:[*]

Clifton Anderson, Jr., challenges the district court's denial of his motion to withdraw his 1996 guilty pleas. Anderson pleaded guilty to attempted extortion under color of official right, in violation of 18 U.S.C. § 1951, and to conducting and attempting to conduct a financial transaction affecting interstate commerce involving property represented by law enforcement officers to be proceeds of unlawful activity, in violation of 18 U.S.C. § 1956.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Anderson claims he is entitled to withdraw his pleas "as a matter of law" because he filed his motion prior to his re-sentencing (for the third time). Anderson asserts his indictment was defective because both offenses of conviction did not affect interstate commerce. He further contends his counsel rendered ineffective assistance by neglecting to challenge the indictment and by failing to advise Anderson of an entrapment defense.

Broad discretion is accorded a district court's decision on a motion to withdraw; its decision will be reversed only for an abuse of that discretion. *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). A defendant may withdraw a guilty plea after it has been accepted by the court only upon a showing of "a fair and just reason for requesting the withdrawal". FED. R. CRIM. P. 11(d)(2)(B). The defendant has the burden of establishing such reason. *Carr,* 740 F.2d at 344. A review of the record shows Anderson's guilty pleas were entered freely and voluntarily, with the assistance of counsel and with full knowledge of the consequences. Almost eight years have passed since Anderson pleaded guilty, and he has had two previous opportunities to raise this issue on appeal. In sum, the totality of the circumstances shows Anderson has wholly failed to demonstrate a fair and just reason for withdrawing his guilty pleas. *See id*. at 343-44.

**APPEAL DISMISSED AS FRIVOLOUS**

2